# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-13-83-RAW |
| | ) | |
| TOMMY BLAKE McCARY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is the motion of the defendant to dismiss. The defendant's argument is that he was arrested in McCurtain County on August 8, 2013, and therefore the federal indictment filed November 14, 2013 and his federal arraignment on December 4, 2013 violate the time limits of the Speedy Trial Act.

Under the Act, an information or indictment must be filed within 30 days of the defendant's arrest in connection with such charges. *See* 18 U.S.C. §3161(b). The Tenth Circuit holds that a person is not "arrested in connection with" a charge, within the meaning of this provision, unless there is some coincidence of (1) a pending federal complaint and (2) federal custody based on that complaint. *United States v. Bagster,* 915 F.2d 607, 611 (10th Cir.1990). In other words, a <u>state</u> arrest does not trigger the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense. *See United States v. Allen,* 986 F.2d 1354, 1356 (10th Cir.1993).

The trial must commence (subject to any excludable time) within 70 days from the date the information or indictment is filed, or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later. *See* 18 U.S.C. §3161(c)(1). At this time, no violation of the Speedy Trial Act has taken place.

It is the order of the court that the motion of the defendant to dismiss (#17) is hereby denied.

**ORDERED THIS 7th DAY OF JANUARY, 2014.**

**Dated this 7th day of January, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma